IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | |
|---|---|
| MARY A. BRADLEY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 10-3076-CV-S-ODS |
| ) | |
| MICHAEL J. ASTRUE, ) | |
| Commissioner of Social Security ) | |
| ) | |
| Defendant. ) | |

## ORDER GRANTING PLAINTIFF'S MOTION
## FOR 42 U.S.C. § 406(b) FEES

Pending is Plaintiff's counsel's application for attorney fees under 42 U.S.C. § 406(b) (Doc. # 19). The Court determines that an award of $8,000.00 is warranted.

### I. BACKGROUND

On November 9, 2010, this Court entered an Order (Doc. # 14) to reverse and remand the above referenced case pursuant to sentence four of 42 U.S.C. § 405(g). On remand, an administrative hearing was held which ultimately resulted in a favorable decision dated March 20, 2012. Plaintiff was found to be entitled to retroactive benefits in the amount of $56,798.00 and attorney's fees in the amount of $14,199.50.

On February 2, 2011, this Court entered an Order (Doc. # 18) granting Plaintiff's counsel's application for attorney fees under the EAJA in the amount of $5,726.94.

On August 15, 2012, the Social Security Administration approved a fee in the amount of $6,000.00 for administrative time with the Social Security Administration leaving a balance of $8,199.50 being withheld for attorney fees.

## II. DISCUSSION

Plaintiff's counsel seeks attorney fees under 42 U.S.C. § 406(b) in the amount of $8,000.00. This award is for 31.05 hours of work, at an equivalent rate of $253.97 per hour. Plaintiff's counsel also requests that the remaining $199.50 being withheld for attorney fees be refunded to Plaintiff. Defendant does not specifically object to the amount of the request but notes that the Court is empowered to review the amount for reasonableness in light of *Grisbrecht v. Barnhart*, 535 U.S. 789 (2002).

Attorney fees awarded under the Equal Access to Justice Act, 28 U.S.C. § 2412 ("EAJA"), are paid by the Social Security Administration, whereas fees awarded under 42 U.S.C. § 406(b) are paid from the claimant's past-due benefits. *Bear v. Astrue*, 544 F. Supp. 2nd 881, 883 (D. Neb. 2008). If a claimant's counsel receives both an award under the EAJA and under § 406(b), then he must refund the amount of the smaller fee to the claimant. *Roark v. Barnhart*, 221 F. Supp. 2nd 1020, 1022 (W.D. Mo. 2002).

After reviewing Plaintiff's counsel's request for reasonableness, the Court concludes that an award of $8,000 for 31.05 hours of work is reasonable. However, because Plaintiff's counsel previously received an award of $5,726.94 under the EAJA, he must refund this smaller amount to Plaintiff.

## III. CONCLUSION

Accordingly, the Court grants Plaintiff's counsel's application for attorney fees and orders Defendant to pay the sum of $8,000.00 payable to Bruce K. Kirby. The remaining sum of $199.50 being withheld for attorney fees should be refunded to Plaintiff. Plaintiff's counsel is ordered to refund $5,726.94 to Plaintiff.

IT IS SO ORDERED.

DATE: February 6, 2013

/s/ Ortrie D. Smith
ORTRIE D. SMITH, SENIOR JUDGE
UNITED STATES DISTRICT COURT